1  Jerome Anthony Clay, Jr., Esq. (SBN: 327175)
2  LAW OFFICES OF JEROME A. CLAY
3  5250 Claremont Avenue, Suite 221
4  Stockton, CA 95207
5  Phone: (209) 603-9852
6  Fax: (510) 280-2841
7  jclay7@claylaw.net

8  Attorney for Plaintiff
9  MYRA E. RODRIGUEZ

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MYRA E. RODRIGUEZ**, an individual, | Case No.: _____ |
| *Plaintiff,* | |
| vs. | **PLAINTIFF'S COMPLAINT FOR:** |
| | Filing Fraudulent Information Return in |
| **ORACLES OF TRUTH** dba **ORACLES OF TRUTH ACADEMY**, a nonprofit California corporation; and **DOES 1** through **50**, inclusive, | in Violation of 26 U.S.C. § 7434 |
| *Defendants.* | [Demand for Jury Trial] |

Plaintiff, MYRA E. RODRIGUEZ (hereinafter referred to as "Plaintiff" or "RODRIGUEZ"), brings this Complaint against Defendants, ORACLES OF TRUTH dba ORACLES OF TRUTH ACADEMY, a nonprofit California corporation (hereinafter referred to as "Defendant" or "OTA"), and DOES 1 through 50, inclusive (hereinafter collectively referred to as "Defendants"), and would respectfully show unto the Honorable Court as follows:

## INTRODUCTION

1. The purpose of this action is to get damages for losses caused by the Defendants' filing of Fraudulent Information Return in Plaintiff's Internal Revenue Service ("IRS") Form 1099-NEC for the year 2021 pursuant to 26 U.S.C. § 7434(b).  Defendants willfully filed a Fraudulent Information Return in Plaintiff's Form 1099-NEC for the year 2021 that listed the wrong amount of $4,692.00 instead of $1,559.75.

## PARTIES

2. Plaintiff RODRIGUEZ, at all times relevant hereto, an individual, resident of California, and an employee of Defendants OTA and DOES 1 through 50, in San Joaquin County, California.

3. Defendant OTA, at all times relevant hereto, a nonprofit California corporation, conducting business in San Joaquin County, California.  Its principal place of business is located at 110. N. San Joaquin St., Ste. 416, Stockton, CA 95202.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiff will seek the Court's leave to amend this Complaint to allege the true names and capacities of Defendants sued herein as DOES 1 through 50 when ascertained.  Plaintiff is informed and believes, and thereon alleges, that the Defendants DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages alleged herein.

LAW OFFICES OF JEROME A. CLAY

5. The officers, agents, and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of their employment, and they personally participated and were authorized by OTA in the conduct alleged herein on behalf of the Defendants. Consequently, all Defendants are jointly and severally liable to Plaintiff for the loss sustained as a proximate result of the conduct of the Defendants' officers, agents, and/or employees.

6. Plaintiff is informed and believes, and upon such information and belief, alleges that each Defendant, directly or indirectly, or through an agent or other person, employed Plaintiff and exercised control over wages, hours, and working conditions. Plaintiff is informed and believes, and upon such information and belief, alleges that each Defendant acted in all respects pertinent to this action as an agent of the other Defendants. Each Defendant carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## JURISDICTION AND VENUE

7. The District Court has jurisdiction over the instant action pursuant to 28 U.S. Code § 1331 because it arises out of a violation of 26 U.S.C. § 7434 for willful filing of false information return.

8. The venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of California. The venue is also proper pursuant to 18 U.S.C. § 1965.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. On July 29, 2020, Plaintiff RODRIGUEZ started her employment as a contingent worker and became a full-time employee on February 1, 2021. After that, Plaintiff started working as Program Coordinator/Program Coordinator Manager with OTA. Plaintiff's job responsibilities included creating program schedules for each client, collaborating with a career specialist and system navigator, managing client members through job readiness and internship process, marketing programs, preparing client

LAW OFFICES OF JEROME A. CLAY

member process reports, media specialist, translating documents, admission coordinator, GED website projects, etc.

10. During Plaintiff's employment with Defendants, she was supervised by CEO Tammé Shinhuri (hereinafter referred to as "Shinhuri"). Shinhuri exercised a management/supervisory role over Plaintiff throughout her employment at OTA.

11. Plaintiff worked 5.5 hours a day, and her salary was increased from $17.00 to $22.00 per hour, effective February 1, 2021.

12. OTA paid Plaintiff $1,559.75 as salary from January 1, 2021–January 29, 2021.

13. Further, OTA did not pay Plaintiff's salary and overtime wages due from February 1, 2021, through April 30, 2021.

14. As a result, on May 3, 2021, Plaintiff resigned from her employment and asked Shinhuri when she would receive her salary from February 1, 2021, through April 30, 2021. Shinhuri responded that she would mail it to Plaintiff. However, Plaintiff has not received her final wages from OTA yet.

15. Thereafter, OTA filed a Fraudulent Information Return in Plaintiff's Form 1099-NEC for 2021, which listed the incorrect amount of $4,692.00. A true and correct copy of Plaintiff's Form 1099-NEC for 2021 is attached hereto as **Exhibit "A"** and is fully incorporated herein by reference.

16. However, Plaintiff only received her January paycheck, and her January 2021 salary statement shows that OTA paid her an amount of $1,559.75 for January 1, 2021–January 29, 2021. A true and correct copy of Plaintiff's Monthly Payroll Statement is attached hereto as **Exhibit "B"** and is fully incorporated herein by reference.

17. On or about October 24, 2022, Plaintiff sent a Demand Letter to OTA to rectify Plaintiff's Form 1099-NEC with the correct payment amount and report this correction to IRS.

18. OTA did not rectify Plaintiff's Form 1099-NEC with the correct payment amount to date.

LAW OFFICES OF JEROME A. CLAY

19. As a direct and proximate result of Defendants' willful, knowing, and intentional acts and omissions, Plaintiff has suffered and continues to suffer physical and mental pain, anxiety, anguish, humiliation, embarrassment, and indignity.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Filing Fraudulent Information Return in Form 1099-NEC for 2021 in Violation of 26 U.S.C. § 7434)**
**(Against All Defendants)**

20. Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–19 with the same force and effect as though fully set forth herein.

21. Pursuant to 26 U.S.C. § 7434(a), "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

22. Pursuant to 26 U.S.C. § 7434(b), "In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys' fees.

23. Defendant violated 26 U.S.C. § 7434 by knowingly, intentionally, and willfully submitting Fraudulent Information Return with respect to Plaintiff's Form 1099-NEC for 2021, which stated Plaintiff's pay for January 1, 2021–January 29, 2021, was $4,692.00. [See **Exhibit "A"**]

24. However, Plaintiff's January 2021 salary statement shows that OTA paid Plaintiff an amount of $1,559.75 for January 1, 2021–January 29, 2021. [See **Exhibit "B"**]

25. OTA listed the incorrect amount of $4,692.00 in Plaintiff's Form 1099-NEC for 2021

instead of $1,559.75.

26. On or about October 24, 2022, Plaintiff sent a Demand Letter to OTA to rectify Plaintiff's Form 1099-NEC with the correct payment amount and report this correction to IRS.

27. OTA failed to rectify Plaintiff's Form 1099-NEC with the correct payment amount to date.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants fraudulently issued the Fraudulent Information Return in order to obtain unwarranted tax benefits and/or harm Plaintiff.

29. Moreover, Plaintiff seeks a determination from this Court pursuant to 26 U.S.C. § 7434(e) that the amount of the Fraudulent Information Return should have been $1,559.75.

30. As such, Plaintiff seeks her actual damages from Defendants in an amount to be proven at the time of trial pursuant to 26 U.S.C.§ 7434(b).

31. As a direct and proximate result of Defendants' wrongful acts, pursuant to 26 U.S.C.§ 7434(b), Plaintiff demands: (a) the costs attributable to resolving deficiencies, damages resulting from any additional tax debt and additional time and expenses associated with any necessary correction, and any additional damages the Plaintiff is entitled to in the amount to be determined at the trial; (b) that Defendant be ordered to take all the necessary steps to correct the fraudulent information relating to Plaintiff; (c) Plaintiff's reasonable attorneys' fees, expert fees, costs and disbursements; and (d) for such further relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

32. Plaintiff hereby demands a trial by jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MYRA E. RODRIGUEZ, respectfully prays for relief against Defendants as follows:

(i) For damages against Defendants in an amount to be determined at the time of trial pursuant

LAW OFFICES OF JEROME A. CLAY

to 26 U.S.C.§ 7434(b);

(ii) For a determination from this Court pursuant to 26 U.S.C. § 7434(e) that the amount of the Fraudulent Information Return should have been $1,559.75;

(iii) For an award of reasonable attorney's fees and costs of suit herein;

(iv) For pre-judgment and post-judgment interest; and

(v) For such other and further relief as the Court deems just and proper.

March 22, 2023                           Respectfully submitted,

**LAW OFFICES OF JEROME A. CLAY**

/s/ *[signature]*
JEROME ANTHONY CLAY, JR, ESQ.
*Attorney for Plaintiff*
MYRA E. RODRIGUEZ

**Exhibit "A"**
(Form 1099-NEC for 2021)

**Combined Tax Statement for Forms 1098, 1099, 5498 for Tax Year 2021**

1099-NEC, Copy B, For Recipient, OMB #1545-0116

NAME, ADDRESS AND FEDERAL I.D. NO.
ORACLES OF TRUTH
110 N. SAN JOAQUIN STREET STE 416
STOCKTON CA 95202

CUSTOMER NAME, ADDRESS
MS MYRA RODRIGUEZ
STOCKTON CA 95206-3511

CUSTOMER SERVICE PHONE # 800-478-1433

FEDERAL I.D. NO.

| ACCOUNT NUMBER (see instructions) | ACCOUNT TYPE | IRS DESCRIPTION | IRS BOX # | AMOUNT |
|---|---|---|---|---|
| | * * * 2021 FORM 1099-NEC, NONEMPLOYEE COMPENSATION * * * | | | |
| 271806618606018340A | | NONEMPLOYEE COMPENSATION | 1 | 4692.00 |

TAXPAYER I.D. NO.

(keep for your records)

DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE

2805-01-00-0085471-0001-0085588

2805-01-00-0085471-0001-0085588-.20946

ORACLES OF TRUTH
110 N. SAN JOAQUIN STREET STE 416
STOCKTON CA 95202



PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
INTUIT, INC

**IMPORTANT TAX RETURN DOCUMENT ENCLOSED**

0085471    01 AB 0.458 **AUTO  T5 0 2805 95206-351170   -C01-P00000-I

MS MYRA RODRIGUEZ

STOCKTON CA 95206-3511

**Exhibit "B"**
(Monthly Payroll Statement dated January 1, 2021–January 29, 2021)



# MONTHLY PAYROLL
*for Myra Rodriguez January 2021*

| WW | Start Date | End Date | Base | Extra | Total | Pay Rate | Pay |
|---|---|---|---|---|---|---|---|
| | DECEMBER PAY PERIODS | | | | | | |
| 1-2 | 1/1/2021 | 1/15/2021 | 40.00 | 5.00 | 45.00 | $ 17.00 | $ 765.00 |
| 3-4 | 1/16/2021 | 1/29/2021 | 40.00 | 6.75 | 46.75 | $ 17.00 | $ 794.75 |

Subtotal $1,559.75

Security Deposit $0.00    single deduction

Net Pay $1,559.75

**Note:** CWT worked 11.75 Extra hours. CWT started as a Full Time Employee on January 29th, 2021. Rate increased on January 29th. CWT requested to start new rate on 2/1/21.